**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ISAAC TUMUSIIME,<br><br>Petitioner,<br><br>v.<br><br>TODD M. LYONS, Director, U.S. Immigration and Customs Enforcement; DAVID WESLING, Acting Field Office Director, Enforcement and Removal Operations Boston Field Office; PAMELA JO BONDI, Attorney General of the United States; MARKWAYNE MULLIN, Secretary of Homeland Security of the United States; JOSEPH D. MCDONALD, JR., Sheriff, Plymouth Sheriff's Office,<br><br>Respondents. | Civil Action No.: 26-CV-11471-AK |

**MEMORANDUM AND ORDER ON**
**PETITION FOR A WRIT OF HABEAS CORPUS**

**ANGEL KELLEY, D.J.**

Before the Court is Petitioner Isaac Tumusiime's ("Petitioner") Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), challenging his detention by Immigration Customs and Enforcement ("ICE"). [Dkt. 1]. For the reasons below, the Court **GRANTS** Petitioner's Petition [Dkt. 1], and **ORDERS** Respondents to afford Petitioner a new bond hearing.

## I. BACKGROUND

Petitioner is a citizen of Uganda. He lawfully entered the United States on October 6, 2017, on a P-1 visa, and has resided here since. On March 11, 2026, ICE arrested him at the Lowell District Court, after his arraignment on charges of assault and battery on a household

family member. At the time, Petitioner also had another pending case for the offense of malicious destruction of property over $1200.

On March 23, 2026, an Immigration Judge ("IJ") denied Petitioner bond, finding him to be "a danger to the community by clear and convincing evidence." On March 27, 2026, Petitioner challenged the bond hearing for being constitutionally inadequate for reasons including the IJ erroneously relied on the uncorroborated police reports, did not reason its finding, and failed to consider alternatives to detention. On May 7, 2026, the IJ issued an order of removal to Petitioner, which is pending appeal before the Board of Immigration Appeals (BIA). Subsequently, on June 25, 2026, the Lawrence District Court dismissed the destruction of property charge against Petitioner. On September 28, 2026, the Lowell District Court also dismissed the charge of assault and battery.

On October 15, 2026, Petitioner notified the Court of the dismissal of his criminal charges in support of his due process challenge to his previous bond hearing, seeking immediate release, or alternatively, a constitutionally adequate bond hearing.

## II. LEGAL STANDARD

Section 2241 confers jurisdiction on this Court to order the release of any person who is held in the custody of the United States in violation of the "laws . . . of the United States" or the United States Constitution. 28 U.S.C. § 2241(c). The burden rests on the person in custody to prove his detention is unlawful. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009) (citing Walker v. Johnston, 312 U.S. 275, 286 (1941)).

## III. DISCUSSION

Respondents oppose the Petition, arguing, the Court lacks jurisdiction to review the Immigration Judge's ("IJ") custody determination; Petitioner failed to exhaust administrative

remedies (that is, appealing before the BIA, and seeking new bond hearing before the IJ because of change in circumstances pursuant to 8 C.F.R. § 1003.19(e)); and the previous bond hearing was adequate. Petitioner does not seek a new hearing based on his changed circumstances. The Court considers each contention in turn.

First, because Petitioner challenges the legal sufficiency of his previous bond hearing, this Court can "assess whether the IJ adopted a constitutionally and legally adequate process in affording a bond hearing to the Petitioner." Reyes Vargas v. Warden, Plymouth Cnty. Corr. Facility, No. 26-CV-11740-AK, 2026 WL 1453510 at *3 (D. Mass. May 22, 2026). Second, where the liberty interests are at stake, the Court can excuse exhaustion. Here, Petitioner has been detained for over eight months. His detention is admittedly discretionary pursuant to 8 U.S.C. § 1226(a), which does not have a fixed limit. Additionally, contrary to Almeida as argued by Respondents, here Petitioner does not seek a new bond hearing based on changed circumstances. Almeida v. Moniz, No. 1:26-CV-12207-AK, Dkt. 20. Instead, he does so based on his constitutional challenge to his previous bond hearing. As such, requiring Petitioner to exhaust appeal before the BIA or seeking determination of his changed circumstances before the IJ will only prolong his detention. Gomes v. Hyde, 804 F. Supp. 3d 265, 272 (D. Mass. 2025) (quoting Portela-Gonzalez v. Sec'y of the Navy, 109 F.3d 74, 77 (1st Cir. 1997)) (exhaustion may be excused where plaintiff would incur irreparable harm, including increase in his detention, pending administrative remedies). Therefore, the Court excuses exhaustion.

Lastly, to assess legal sufficiency of the IJ's bond hearing, the Court considers whether the IJ applied correct standards of law to find Petitioner, by clear and convincing evidence, a danger to the community. Pursuant to Hernandez-Lara v. Lyons, 10 F.4th 19, 39 (1st Cir. 2021), the government holds the burden to prove a noncitizen is either a flight risk by preponderance of

evidence or a danger to the community by clear and convincing evidence to justify detention. In its inquiry into flight risk or danger to the community, due process requires IJs to consider less restrictive alternatives to detention. See Costa v. McDonald, No. 25-CV-13469, 2026 WL 371198 at *2-3 (D. Mass. Feb. 10, 2026) ("[B]y failing to address less restrictive alternatives to detention, the Government failed to provide Petitioner with constitutionally sufficient procedure."). Here, before the Court, there is no record of the IJ's reasoning for her decision because the IJ also did not issue any written reasons. Based on the parties' account, the IJ appears to have failed to consider any alternatives to detention. For this reason, Petitioner's bond was legally deficient. Because the bond hearing was legally deficient for independently dispositive reasons, the Court declines to consider the sufficiency of the evidence. Similarly, because Petitioner does not seek the Court to consider if his circumstances materially changed, the Court refrains from assessing merits of the changes in his circumstances.

As to remedy, the parties agree, as an alternative to immediate release, the Court may order a bond hearing. Because the IJ did not reason her finding and failed to consider alternatives to detention, the Court orders the Immigration Court to conduct a new hearing at which it must consider alternatives to detention and issue reasons for its decision. See Gomes, 804 F. Supp. 3d. at 278 ("The First Circuit routinely orders [a new bond hearing] in cases where it has concluded that a noncitizen detained under Section 1226(a) was denied bond because the Immigration Court failed to apply the correct legal standards." (citing Hernandez-Lara, 10 F.4th at 46; Doe v. Tompkins, 11 F.4th at 2; Brito v. Garland, 22 F. 4th 210, 256-57)).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's [1] Petition for Writ of Habeas Corpus is **GRANTED**. Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8

U.S.C. § 1226(a), that comports with the standards articulated in Hernandez-Lara, and in which the IJ considers alternatives to detention, within ten (10) calendar days of this Order subject to any requests for continuance by Petitioner. Within fourteen (14) calendar days of this Order, Respondents shall file a status report stating whether Petitioner has been granted bond and, if bond was denied, the reasons for that denial.

**SO ORDERED.**

Dated: November 18, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge